FILED

AUG 31 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DRIAWAN LUKMAN, | No. 07-74179 |
| Petitioner, | Agency No. A095-634-616 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 23, 2010[**]

Before:     LEAVY, HAWKINS, and THOMAS, Circuit Judges.

    Driawan Lukman, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Lukman established extraordinary circumstances to excuse his untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(5) (listing examples of extraordinary circumstances). We lack jurisdiction to consider Lukman's changed circumstances contention because he did not exhaust it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below). Accordingly, we deny the petition as to Lukman's asylum claim.

Substantial evidence supports the IJ's finding that the beatings Lukman suffered as a teenager, the burning of his brother-in-law's computer store during the May 1998 riots, and the general harassment he endured, do not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60. Substantial evidence also supports the IJ's finding that, even as a member of a disfavored group, Lukman did not establish a clear probability of future persecution because he did not show sufficient individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003); *Wakkary*, 558 F.3d at 1065 ("An applicant for

2                                                                                    07-74179

withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail"). Accordingly, we deny the petition as to Lukman's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Lukman failed to show it is more likely than not that he would be tortured if removed to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED**.